224 So.2d 889

**William Burns PEADEN**

v.

**STATE of Alabama.**

**1 Div. 520.**

Supreme Court of Alabama.

July 10, 1969.

---

J. Connor Owens, Jr., Bay Minette, for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

LIVINGSTON, Chief Justice.

This appeal is from a judgment denying a petition for writ of error coram nobis filed in the Circuit Court of Baldwin County, Alabama, by William Burns Peaden, on January 26, 1967.

The record discloses that: William Burns Peaden was indicted and tried in the Circuit Court of Baldwin County, Alabama, for murder in the first degree, was convicted and sentenced to life imprisonment in the state penitentiary on September 18, 1956; that at the time he was tried for murder in the first degree, Peaden was represented by employed counsel, the Honorable Telfair J. Mashburn, who was then a practicing attorney in Baldwin County, Alabama; Peaden 'did not appeal from that conviction and sentence; that in November 1962, Peaden filed in the Circuit Court of Baldwin County, Alabama, a petition for writ of error coram nobis; that this petition was duly heard by the Honorable Hubert Hall, who was, at that time, the Judge of the Circuit Court of Baldwin County, Alabama. The Honorable John Chason was appointed to represent Peaden in that proceeding. Judge Hall denied the petition. The record before us does not indicate that an appeal was taken from the judgment rendered by Judge Hall.

On January 26, 1967, petitioner filed another petition for writ of error coram nobis in the Circuit Court of Baldwin County, Alabama. On May 22, 1967, the last-mentioned petition was denied and a judgment rendered by the then and present Judge of the Circuit Court of Baldwin County, Alabama, the Honorable Telfair J. Mashburn, who had, as shown above, represented Peaden in the 1956 proceeding.

The appeal questions the right of Judge Mashburn to act on the petition for writ of error coram nobis filed on January 26, 1967.

The judgment rendered by Judge Mashburn on May 22, 1967, denying the petition for writ of error coram nobis, filed on January 26, 1967, must be reversed.

Section 6, Title 13, Code of 1940, provides:

"6. Judge is disqualified to try certain cases.—No judge of any court, county commissioner, or justice, must sit in any cause or proceeding in which he is interested, or related to either party within the fourth degree of consanguinity or affinity, or in which he has been of counsel, or in which is called in question the validity of any judgment or judicial proceeding in which he was of counsel, or the validity or construction of any instrument or paper prepared or signed by him as counsel or attorney, without the consent of the parties entered of record, or put in writing, if the court is not of record."

In the absence of consent of the parties, which does not appear to have been given in this case, Judge Mashburn was disqualified to participate in a proceeding growing out of the filing of the petition for writ of error coram nobis on January 26, 1967.

The judgment is reversed and the case is remanded.

Reversed and remanded.

LAWSON, MERRILL and HARWOOD, JJ., concur.

Supreme Court of Alabama.